IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS C. TERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT SYLVESTER HINDS, LOYD W. BONNEVILLE, JAMES E. Nault, and LIFELINE INTERNATIONAL INC.,<br><br>    Defendant. | MEMORANDUM DECISION ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND COUNTERCLAIM AND TO DISMISS COUNTERCLAIM<br><br><br>Case No. 2:05-CV-776 TS |

This matter is before the Court on Plaintiff's Motion to Strike Answer and Counterclaim filed by Lifeline International and Motion to Dismiss Counterclaim filed by Defendants Hinds and Nault.

Plaintiff moves to strike the Answer and Counterclaim filed by Defendant Lifeline because it is a corporation and no attorney signed the pleading as required by Fed.R.Civ.P. 11(a).

It is correct that it has long been the law in the Tenth Circuit "that a corporation can

1

appear in a court of record only by an attorney at law."[1]  A corporation may not appear "through a non-attorney corporate officer appearing *pro se*."[2]  But Lifeline's attorney was admitted pro hac vice four days after the filing of the Answer and filed his notice of appearance for Lifeline several days after.[3]  Further, Lifeline filed its Motion for Leave to file an Amended Answer and Counterclaim[4] by defendants, including Lifeline, approximately five weeks after filing its original Answer.  Lifeline's proposed Amended Complaint and Counterclaim was signed by Lifeline's attorney.[5]

The usual remedy for failure to have an attorney sign a pleading on behalf of a corporation is to require that an attorney be obtained within a specified time.  The Motion to Amend/Correct original complaint is now granted.[6]  The Court finds that the failure to have an attorney sign the pleading on behalf of Lifeline was a mistake that was quickly corrected, and that the present Amended Answer and Counterclaim is properly signed by an attorney.  The Court finds that the initial failure to comply with the requirement does not justify striking the Answer and Counterclaim and will deny the motion on that ground.

Plaintiff also moves to dismiss the first cause of action in the counterclaim, for abuse of process, for failure to state a claim.  The Court finds that this motion is moot.  The

---

[1] *Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962).

[2] *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001).

[3] Docket No. 7.

[4] Docket No. 15.

[5] *Id.*, attachment No. 1.

[6] Docket No. 15.

Answer and Counterclaim is superceded by the Amended Answer and Counterclaim. The Amended Answer and Counterclaim contains three counterclaims, including one for abuse of process. The filing of the Amended Answer and Counterclaims was not opposed,[7] but Plaintiff's briefing on the present motion did not address whether his arguments apply to the abuse of process claim in the current Amended Answer and Counterclaim.

It is therefore

ORDERED that Plaintiff's Motion to Strike Answer and Counterclaim as to Defendant Lifeline International (Docket No. 12) is DENIED. It is further

ORDERED that Plaintiff's Motion to Dismiss Counterclaim (Docket No. 12) is DENIED as moot because an Amended Answer and Counterclaim is filed.

DATED  June 14, 2006.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[7] *Id.*